UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DOCKERY,

                Plaintiff,                Civil Action No. 22-11507

v.                                        Nancy G. Edmunds
                                              United States District Judge

DAVID SZYMANSKI, *et al.*,        David R. Grand
                                              United States Magistrate Judge

                Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF No. 40)

**A.    Background**

This case[1] arises out of the foreclosure of a property owned by Lyndon's, LLC ("Lyndon's"), located at 14700 Dexter Avenue, Detroit, Michigan (the "Dexter Property"). The *pro se* plaintiff in this action is James Dockery ("Dockery"), one of Lyndon's members. In his complaint, filed on July 5, 2022, Dockery principally alleges that the named defendants improperly foreclosed upon the Dexter Property. (ECF No. 1). On August 19, 2022, Lyndon's (represented by counsel) filed a complaint in this Court, Civil Action No. 22-11942 (the "Lyndon's Action"), raising related claims about the Dexter Property, against most of the same defendants, that Dockery raises in this action.

On December 2, 2022, the Court held oral argument on motions to dismiss filed by

---

[1] This case has been referred to the undersigned for all pretrial purposes. (ECF No. 26).

various groups of defendants in the instant case. On January 24, 2023, the Court issued a Report and Recommendation ("R&R"), in which it recommended dismissal of all of Dockery's claims against the named defendants, with the sole exception of a Fourth Amendment illegal seizure claim asserted against defendant Jill Bryant that relates to a property adjacent to the Dexter Property (the "Adjacent Property"). (ECF No. 45). The Court's ruling was based in large part on the fact that Lyndon's LLC is the proper entity to bring claims involving the Dexter Property. (*Id.*). On February 13, 2023, the R&R was adopted by the Honorable Nancy G. Edmunds. (ECF No. 48).

Between the date of oral argument and the issuance of the R&R, Dockery filed the instant motion to amend. (ECF No. 40). In his motion, Dockery seeks leave to amend his complaint to add state law claims for conversion, trespass, and conspiracy. (*Id.*). The motion is somewhat vague, and it is difficult to discern to what extent Dockery's proposed state law claims relate to the Dexter Property and/or the Adjacent Property (or other adjacent properties). At bottom, though, he seems to allege that Bryant's padlocking of the Adjacent Property and seizure of the personal property stored there was "part of a larger conspiracy by [the broader group of defendants and others] to further their own interest in acquiring the [Dexter Property] ...." (*Id.*, PageID.555).

The defendants filed responses in opposition to Dockery's motion, arguing that leave to amend should be denied as futile because the claims Dockery seeks to plead in this action are duplicative of those pled – and currently pending – in the Lyndon's Action, and that the proposed claims are futile. (ECF No. 42, PageID.676-78; ECF No. 43, PageID.711; ECF No. 44, PageID.725). For the reasons set forth below, the Court will

2

deny Dockery's motion.

B.  **Standard of Review**

Fed. R. Civ. P. 15(a)(2), which governs Dockery's motion for leave to amend his complaint, states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[2] However, courts should deny a motion to amend "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing cases). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

C.  **Analysis**

Here, multiple reasons exist for denying Dockery's motion to amend his complaint.[3] First, to the extent Dockery's proposed state law claims relate to the Dexter Property, the Court has already explained in its prior R&R in this case that he lacks standing to assert any such claims. (ECF No. 45, PageID.762-63). Indeed, as the Court explained in its

---

[2] Dockery needs leave to amend because his instant motion was filed more than 21 days after the defendants filed their motions to dismiss. Fed. R. Civ. P. 15(a)(1)(B).

[3] The Court notes that Dockery failed to attach a copy of the proposed amended complaint to his motion, in violation of E.D. Mich. LR 15.1, which provides, "[a] party who moves to amend a pleading shall attach the proposed amended pleading to the motion." Still, the Court can ascertain the nature of Dockery's proposed additional claims, and it recognizes that the "[f]ailure to comply with this Rule is not grounds for denial of the motion." *Id.*

R&R, it appears that many of the claims Dockery is now seeking to add to his complaint in this case principally relate to an alleged "predatory conspiracy" to take over the Dexter Property (ECF No. 40, PageID.555; *see supra* at 2) and are already being litigated in the Lyndon's Action, by Lyndon's LLC.[4] (*Id.*; Civil Action No. 22-11942, ECF No. 1). Second, to the extent Dockery has standing to assert the proposed state law claims for conspiracy, trespass, and conversion, the Court declines to exercise supplemental jurisdiction over them. As this Court has recognized:

> A federal court may exercise supplemental jurisdiction over each claim in an action that shares a common nucleus of operative facts with a claim that invokes the court's original jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966). However, the federal court need not exercise its authority to invoke supplemental jurisdiction in every case in which it is possible to do so. *Id.* at *726*. Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Id.* Justification for this doctrine "lies in considerations of judicial economy, convenience, and fairness to litigants." *Id.* If these considerations are not present, "a federal court should hesitate to exercise jurisdiction over state claims." *Gibbs*, 383 U.S. at 726. … "[D]istrict courts have broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999) (quotation removed). Section 28 U.S.C. § 1367(c) explains the type of situations where it is appropriate to decline supplemental jurisdiction: (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Carhartt, Inc. v. Costa Del Mar, Inc.*, No. 21-11844, 2022 WL 3701961, at *3-4 (E.D.

---

[4] The Court also notes that, in the Lyndon's Action, Lyndon's LLC has filed a motion for leave to amend, explicitly seeking to add a state law claim for civil conspiracy. (Civil Action No. 22-11942, ECF No. 43). This motion remains pending in that action.

Mich. Aug. 26, 2022).

Here, following the adoption of the R&R in this matter, the only remaining claim in this case is Dockery's narrow Fourth Amendment illegal seizure claim against defendant Jill Bryant.  (ECF No. 45, PageID.765).  The state law claims he now seeks to add – for civil conspiracy, trespass, and conversion – would reintroduce defendants who have been dismissed from this action and/or add other defendants, and would predominate over the one remaining federal claim in this case.  Bryant's motion to dismiss that claim is pending, and judicial economy would be best served by requiring Dockery to bring his state law claims in state court.  To that end, the Court notes that the parties have been, and continue to be, involved in protracted state court litigation surrounding many of the issues – if not the exact same issues – that underscore the state law claims Dockery is proposing to assert in this case.  (*See* ECF No. 11, PageID.49-51).  Again, the most efficient approach is for Dockery to pursue those state law claims in state court.

### D.     Conclusion

For the reasons set forth above, Dockery's Motion to Amend **(ECF No. 40)** is **DENIED**.  This denial is without prejudice to Dockery's right to pursue his proposed state law claims in state court.

Dated: March 2, 2023                                          s/David R. Grand
Ann Arbor, Michigan                                          DAVID R. GRAND
                                                                              United States Magistrate Judge

5

## NOTICE REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 2, 2023.

                                                  s/Michael E.Lang
                                                  MICHAEL E. LANG
                                                  Case Manager