UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| JAMES DOCKERY, | Case No. 22-CV-11507 |
| Plaintiff, | Nancy G. Edmunds<br>United States District Judge |
| v. | David R. Grand<br>United States Magistrate Judge |
| DAVID SZYMANSKI, *et al.*, |  |
| Defendants. |  |
| _____/ |  |

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [54]**

This matter is before the Court on Plaintiff's motion for relief from the Court's February 13, 2023 Order (the "Order") and Judgment. (ECF No. 54.) In the Order, the Court accepted and adopted the Magistrate Judge's January 24, 2023 Report and Recommendation to dismiss all but one of Plaintiff's claims. (ECF No. 48.) Plaintiff filed objections to the Report and Recommendation four weeks after it was entered and eight days after this Court entered the Judgment.

In the present motion, Plaintiff claims that he was not aware the Report and Recommendation had been issued until February 2, 2023, due to "the Court's error in not putting the box number in Plaintiff's address." (ECF No. 54, PageID.817.) Furthermore, he claims he was not "properly served" with a copy of the Report and Recommendation until February 8, 2023, making his February 21, 2023 objections timely. (*Id.* at PageID.818.) He asks the Court to set aside the Judgment, sustain his objections, and reject the Report and Recommendation. *Id.*

1

Motions for reconsideration of final orders or judgments are not permitted. E.D. Mich. L.R. 7.1(h)(1). Courts are, however, allowed to revisit final orders under Fed. R. Civ. P. 60(b), but relief is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007). Under Rule 60(b), the Court may relieve a party from a final judgment or order only if it finds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Crehore v. United States*, 253 F. App'x 547, 549 (6th Cir. 2007).

In this case, Plaintiff has not presented clear and convincing evidence showing the special circumstances that would justify relief under Rule 60(b). The sole basis for relief provided by Plaintiff is that the Court did not consider his untimely objections, which, according to Plaintiff, were not actually untimely because the Court allegedly did not include his full mailing address when serving the report and recommendation. *See, e.g.*, ECF No. 54, PageID.822 ("It was through no fault of the Plaintiff that the box number for his address was not included when the Court served him with the Report and Recommendations (*sic*) as Plaintiff had properly provided his complete address to the Court at the filing of this lawsuit.") But the record before the Court establishes that the

report and recommendation was mailed to Plaintiff at the address he provided: 6725 Daly Rd., 251056, West Bloomfield, MI 48325. *See* TEXT-ONLY CERTIFICATE OF SERVICE, January 24, 2023. Because Plaintiff fails to meet his burden, or offer any evidence to contradict this Court's certificate of service, his motion fails.[1]

Plaintiff's Motion for Relief from Judgment (ECF No. 54) is therefore **DENIED**.

**SO ORDERED.**

                        s/Nancy G. Edmunds
                        Nancy G. Edmunds
                        United States District Judge

Dated: August 14, 2023

---

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 14, 2023, by electronic and/or ordinary mail.

                        s/Lisa Bartlett
                        Case Manager

---

[1] Even though Plaintiff failed to meet his burden on his motion for relief from judgment, the Court reviewed Plaintiff's objections and notes, for the sake of completeness, that his objections would have been overruled had they been timely filed. Thus, Plaintiff's objections would not have changed the result of the February 13, 2023 Order even if they had been considered prior to the Order's entry.