UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES DOCKERY, | Case No. 22-CV-11507 |
| | Nancy G. Edmunds |
| Plaintiff, | United States District Judge |
| v. | David R. Grand |
| | United States Magistrate Judge |
| DAVID SZYMANSKI, *et al.*, | |
| Defendants. | |
| _____/ | |

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S MAY 25, 2023 REPORT AND RECOMMENDATION [58]**

This is a civil rights case brought by pro se Plaintiff James Dockery against the City of Detroit and several City of Detroit officials. All pretrial matters have been referred to the Honorable Magistrate Judge David R. Grand. (ECF No. 9.) On February 13, 2023, this Court accepted and adopted the Magistrate Judge's report and recommendation to dismiss all claims and defendants save for Plaintiff's Fourth Amendment illegal seizure claim against Defendant Jill Bryant. On February 2, 2023, Defendant Bryant filed a renewed motion to dismiss addressing this claim. (ECF No. 47.) Before the Court are the Magistrate Judge's May 25, 2023 Report and Recommendation to deny Defendant's renewed motion to dismiss and Defendant's objections thereto. (ECF Nos. 58, 59.) For the reasons that follow, the Court OVERRULES Defendant's objections and ACCEPTS AND ADOPTS the report and recommendation.

**I.      Standard of Review**

Upon receipt of a report and recommendation from the magistrate judge, a district court judge "shall make a de novo determination of those portions of the report or

1

specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). Thereafter, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id. See also* Fed. R. Civ. P. 72(b)(3).

The Court is not "required to articulate all of the reasons it rejects a party's objections," if it does not sustain those objections. *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). The purpose of filing objections is to focus the district judge's "attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Thus, a party's objections must be "specific." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citations omitted). In addition, objections that merely restate arguments previously presented, do not sufficiently identify alleged errors on the part of the magistrate judge. *Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017) (citing cases). An objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017).

**II.  Analysis**

Defendant filed three objections to the report and recommendation. (ECF No. 59.)

First, Defendant objects to the Magistrate Judge's conclusion that Plaintiff had a possessory interest in the Adjacent Property.[1] (*Id.* at PageID.883-887.) Courts have recognized that if a plaintiff has no possessory interest in a property, he has no standing

---

[1] Like the Magistrate Judge and Defendant, the Court uses the term "Adjacent Property" to refer to the real property allegedly owned by Sabaa Enterprises, Inc. and located at 3301 Bourke Street.

2

to challenge any searches or seizures. *See United States v. Bah*, 794 F.3d 617, 626 (6th Cir. 2015). Thus, "[t]he Fourth Amendment's standing principle is embodied in the requirement that a party claiming a Fourth Amendment violation must demonstrate that he, and not someone else, had a legitimate expectation of privacy in the area or thing searched." Defendant accuses the Magistrate Judge of making arguments on behalf of Plaintiff regarding Plaintiff's expectation of privacy, thereby depriving Defendant of an opportunity to respond to these arguments. (ECF No. 59.) The Court disagrees. Defendant had ample opportunity to address, and in fact did address in her motion, whether Plaintiff had an adequate possessory interest in the property. *See* ECF No. 47, PageID.780-82. Because Defendant could have, and did, make these arguments in her motion, her objection is invalid. *See, e.g., Senneff v. Colvin*, 2017 WL 710651, at *2.

Moreover, Plaintiff adequately pleaded a possessory interest by stating the following in his Complaint: "Ms. Jill Bryant in her capacity as Manager of the Detroit Building Authority directed workers to padlock property **rented by Mr. Dockery** adjacent to the disputed building preventing access to the property and my belongings." ECF No. 1, PageID.7 (emphasis added). Given that pro se pleadings must be liberally construed, *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005), and that courts deciding a motion to dismiss must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff," *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), Plaintiff's allegations regarding his possessory interest are sufficient to survive Defendant's present motion. Defendant's first objection is therefore OVERRULED.

3

In her second and third objections, Defendant states that the Magistrate Judge erred in holding Defendant is not entitled to qualified immunity. (ECF No. 59, PageID.889.) This mere disagreement with the Magistrate Judge's conclusion does not constitute an error on the part of the Magistrate Judge and therefore does not amount to a valid objection. *See Howard*, 932 F.2d at 508 (finding that an objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection). Additionally, as with her first objection, Defendant's arguments here were first made by Defendant in her motion, or they could have been made in her motion, therefore they are not valid objections. *See* ECF No. 47, PageID.782-787; *see also Senneff v. Colvin*, 2017 WL 710651, at *2 (collecting cases).

The Magistrate Judge soundly analyzed the issue of whether qualified immunity applies looking at (1) whether the facts Plaintiff alleged made out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of Defendant's alleged misconduct. *See* ECF No. 58, PageID.868 (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). At this point in the proceeding, and taking Plaintiff's allegations as true, the Court agrees with the Magistrate Judge's conclusion based on his analysis that Defendant is not entitled to qualified immunity. Accordingly, Defendant's second and third objections are OVERRULED.

**III.     Conclusion**

For the foregoing reasons, Defendant's objections (ECF No. 59) are OVERRULED and the Court ACCEPTS AND ADOPTS the May 25, 2023 Report and Recommendation (ECF No. 58).

**SO ORDERED.**

<u>s/Nancy G. Edmunds</u>
Nancy G. Edmunds
United States District Judge

Dated: August 14, 2023


I hereby certify that a copy of the foregoing document was served upon counsel of record on August 14, 2023, by electronic and/or ordinary mail.

<u>s/Lisa Bartlett</u>
Case Manager